831 F.2d 306
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Leigh R. ABTS, Appellant.
 Appeal No. 86-1677
 United States Court of Appeals, Federal Circuit.
 September 25, 1987.
 
 Before BISSELL, Circuit Judge, BALDWIN, Senior Circuit Judge, and ARCHER, Circuit Judge.
 ARCHER, Circuit Judge.
 
 DECISION
 
 1
 Leigh R. Abts appeals the affirmance by the United States Patent and Trademark Office (PTO) Board of Patent Appeals and Interferences (board) of an examiner's rejection under 35 U.S.C. Sec. 103 (1982 & Supp. III 1985) of Abts' application for a patent on methods and apparatus for ultrasonic analysis of homogeneous fluids. We affirm the board's decision on the issues properly before us.
 
 OPINION
 
 2
 Abts' application discloses and claims both methods and apparatus for ultrasonic analysis of homogeneous fluids. Of the 28 claims in the original application, claims 2-5 were allowed and the rejection of claims 6-8 has not been appealed. The appealed claims, 1 and 9-28, fall into four general groups: the transducer apparatus (claim 1); the absorption attenuation method and apparatus (claims 9-18); the velocity method and apparatus (claims 19-22) and the frequency spectrum method and apparatus (claims 23-28). These claims were all rejected as obvious under 35 U.S.C. Sec. 103 in view of various prior art references. In addition, the board affirmed the examiner's rejection of claim 9 under 35 U.S.C. Sec. 112, second paragraph, as indefinite for failing to provide a proper antecedent basis for 'the different frequencies' in lines 6 and 7 of the claim. The board further noted that dependent claims 10-14 suffer from the same indefiniteness. The board explicitly affirmed all grounds of rejection given by the examiner.
 
 
 3
 We affirm the rejection of claim 1 and claims 15-28 under section 103 on the basis of the board's opinion. Abts has failed to establish that the board was clearly erroneous in making its fact findings underlying the obviousness inquiry, and has not shown an adequate basis for reversing the board's ultimate legal conclusion that the apparatus and methods claimed in claims 1 and 15-28 would have been obvious in view of the several prior art references cited against those claims. See Fregeau v. Mossinghoff, 776 F.2d 1034, 1038, 227 USPQ 848, 851 (Fed. Cir. 1985); In re De Blauwe, 736 F.2d 699, 703, 222 USPQ 191, 195 (Fed. Cir. 1984); Stratoflex, Inc. v. Aeroquip Corp., 713 F.2d 1530, 1535, 218 USPQ 871, 876 (Fed. Cir. 1983).
 
 
 4
 Abts' did not appeal the section 112 rejection by the examiner and the board of claim 9, arguing only that the board's rejection of that claim, and claims 10-14 dependent thereon, under section 103 was erroneous. In In re Baird et al., 348 F.2d 974, 976-77, 146 USPQ 579, 580 (CCPA 1965), the court said:
 
 
 5
 [w]hen an examiner's ground of rejection, affirmed by the board, is not argued by the appellant, even if raised by an adequate reason of appeal, this court has uniformly pursued the policy of treating the issue as abandoned. In re Krasnow, 35 CCPA 939, 166 F.2d 196, 76 USPQ 567. See also In re Gruschwitz, 50 CCPA 1498, 320 F.2d 401, 138 USPQ 451, and cases cited in the appendix thereto.
 
 
 6
 At oral argument, Abts' counsel expressed the opinion that this court should hear the section 103 rejection and, if it reversed and remanded, he would then be able to correct the minor deficiencies that gave rise to the section 112 rejection. This view is directly contrary to 37 C.F.R. Sec. 1.116(c) and to 37 C.F.R. Sec. 1.198 which states:
 
 
 7
 Cases which have been decided by the Board of Patent Appeals and Interferences will not be reopened or reconsidered by the primary examiner except under the provisions of Sec. 1.196 [which are inapplicable here] without the written authority of the Commissioner, and then only for the consideration of matters not already adjudicated, sufficient cause being shown.
 
 
 8
 This provision precludes reopening the case to consider a correction in the manner suggested by Abts' counsel where there has been an adjudication of that matter by the board. See also 37 C.F.R. Sec. 1.197(c).
 
 
 9
 Under Baird, we must consider Abts' failure to appeal the section 112 grounds of rejection as an abandonment of that issue. Being unchallenged on appeal, the section 112 rejection by the examiner and the board of claim 9 stands as a final decision. Thus, we find it unnecessary to consider the section 103 rejection with respect to claim 9, or with respect to claims 10-14 which are dependent on claim 9. Cf. In re Jerabek, 789 F.2d 886, 889, 229 USPQ 530, 532 (Fed. Cir. 1986); Fregeau v. Mossinghoff, 776 F.2d 1034, 1039, 227 USPQ 848, 852 (Fed. Cir. 1985); In re Remer, 482 F.2d 955, 957, 179 USPQ 172, 174 (CCPA 1973).